UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ALADDIN ABDAL-RAHIM,                            :
                                                :
                              Plaintiff,        :
                                                :
           -against-                            :
                                                :
MTA NYC TRANSIT AUTHORITY,                      :
                                                :
                              Defendant.        :

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/10/2019

17-CV-7499 (VEC) (GWG)

ORDER

VALERIE CAPRONI, United States District Judge:

Plaintiff Aladdin Abdal-Rahim, appearing *pro se*, sued Defendant MTA New York City

Transit Authority for employment discrimination and retaliation, pursuant to Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); the Age Discrimination in

Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"); 42 U.S.C. § 1981; the New York State

Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 *et seq.*; the New York City Human

Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.*; and the New York City Charter

(the "City Charter"). *See* Compl., Dkt. 1. Defendant moved to dismiss the Complaint, pursuant

to Federal Rule of Civil Procedure 12(b)(6). *See* Notice of Mot., Dkt. 20. On November 27,

2018, Magistrate Judge Gabriel Gorenstein issued a Report and Recommendation ("R&R")

recommending that the Complaint be dismissed. *See* R&R, Dkt. 32. No party objected to the

R&R.

For the following reasons, the R&R is ADOPTED. Plaintiff's claims pursuant to the

NYSHRL, the NYCHRL, and the City Charter are DISMISSED WITH PREJUDICE. Plaintiff's

claims pursuant to Title VII, the ADEA, and § 1981 are DISMISSED WITH LEAVE TO

AMEND. Plaintiff must file an Amended Complaint no later than **March 15, 2019**. If Plaintiff

fails to do so, the Title VII, ADEA, and § 1981 claims will be dismissed with prejudice. This

case shall remain referred to Judge Gorenstein for all purposes.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate

judge." 28 U.S.C. § 636(b)(1)(C). Where, as here, no timely objection has been made by either

party, "a district court need only find that there is no clear error on the face of the record in order

to accept the report and recommendation." *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211

(S.D.N.Y. 2013) (internal quotation marks omitted); *see also Adams v. New York State Dep't of*

*Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (a district court "may adopt those portions of

the [magistrate's] report to which no 'specific, written objection' is made, as long as the factual

and legal bases supporting the findings and conclusions set forth in those sections are not clearly

erroneous or contrary to law." (quoting Fed. R. Civ. P. 72(b))). Failure to file timely objections

to the magistrate's report constitutes a waiver of those objections both within the district court

and on appeal. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *Small v. Sec'y of Health &*

*Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

The Court finds no clear error in Judge Gorenstein's R&R. As to Plaintiff's Title VII and

ADEA claims, Plaintiff has failed to allege any facts that would give rise to an inference of

discrimination. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 83 (2d Cir. 2015).

As to Plaintiff's § 1981 claim, Plaintiff has failed to allege that his injury is the result of a

municipal policy, custom, or practice. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–94

(1978). Accordingly, these claims are dismissed with leave for Plaintiff to amend his Complaint.

The Court also finds no clear error in Judge Gorenstein's determination that Plaintiff's

NYSHRL and NYCHRL claims are barred by the election-of-remedies doctrine.

*See Desardouin v. City of Rochester*, 708 F.3d 102, 106 (2d Cir. 2013); *Williams v. City of New*

*York*, 916 F. Supp. 2d 517, 520 (S.D.N.Y. 2013).  As to Plaintiff's claim brought pursuant to the

City Charter, the Court finds no clear error in Judge Gorenstein's determination that Defendant is

a subdivision of a state authority and is therefore not governed by the City Charter, *see* N.Y. Pub.

Auth. Law § 1201 *et seq.*; indeed, Plaintiff submitted no argument to the contrary in his

opposition to Defendant's motion to dismiss, *see* Pl.'s Mem. of Law, Dkt. 30.  Accordingly,

Plaintiff's NYSHRL, NYCHRL, and City Charter claims are dismissed with prejudice.[1]

Finally, the Court finds no clear error in Judge Gorenstein's recommendation that the

Court need not reach Defendant's argument that Plaintiff's Title VII and ADEA claims are

untimely.  *See* R&R at 12 n.5.  Plaintiff, however, is warned that these claims may be subject to

dismissal on this ground unless Plaintiff provides evidence that his claims are timely.  *See*

*Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011); *Rivera v.*

*Children's & Women's Physicians of Westchester, LLP*, No. 16-CV-714, 2017 WL 1065490, at

*8 (S.D.N.Y. Mar. 18, 2017); *Newell v. New York City Dep't of Transp.*, No. 08-CV-1369, 2010

WL 1936226, at *2 (E.D.N.Y. May 12, 2010).

## CONCLUSION

For all the foregoing reasons, the Court ADOPTS Judge Gorenstein's R&R.  Plaintiff's

NYSHRL, NYCHRL, and City Charter claims are DISMISSED WITH PREJUDICE.  Plaintiff's

Title VII, ADEA, and § 1981 claims are DISMISSED WITH LEAVE TO AMEND.  Plaintiff

---

[1]     Although the R&R did not expressly state that these claims would be dismissed with prejudice, the R&R makes clear that leave to amend these claims would be futile.

must file an Amended Complaint no later than **March 15, 2019**.  If Plaintiff fails to do so, the

Title VII, ADEA, and § 1981 claims will be dismissed with prejudice.  This case shall remain

referred to Judge Gorenstein for all purposes.

Because the R&R gave the parties adequate warning, *see* R&R at 13, the parties' failure

to file written objections to the R&R precludes appellate review of this Order.  *See Caidor v.*

*Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008).  Accordingly, the Court certifies pursuant

to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and,

therefore, permission to proceed *in forma pauperis* for purposes of appeal is denied.

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and to

note mailing on the docket.  The Clerk is also directed to close the open motion at Dkt. 20.

**SO ORDERED.**

Date:  **February 10, 2019**                                   **VALERIE CAPRONI**
      **New York, New York**                          **United States District Judge**